UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| QIXIZ LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CASE NO.: ) |
| NEC CORPORATION OF AMERICA, | ) ) |
| Defendant. | ) DEMAND FOR JURY TRIAL ) ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Qixiz LLC ("Qixiz") hereby alleges for its Complaint against defendant NEC Corporation of America ("NEC") on personal knowledge as to its own actions and on information and belief as to the actions of others, as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop each Defendant's infringement of Plaintiff's United States Patent No. 6,233,330 entitled, *"Telephone Call Screening Device with Power and Telephone Line Failure Alert, Call Answering, Call Routing, and Caller ID"* (hereinafter, "the '330 Patent"). A copy of the '330 Patent is attached hereto as Exhibit A. Qixiz is the legal owner of all of the rights under the Patents-in-Suit to bring this infringement action against the named Defendant. Plaintiff seeks injunctive relief and monetary damages.

## THE PARTIES

2. Plaintiff Qixiz is a Limited Liability Company organized under the laws of the State of Texas with a principal place of business at 430 N. Center Street, Suite 109, Longview, Texas 75601. Qixiz is the owner of the '330 Patent and has the right to exclude the Defendant from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the '330 Patent and the exclusive right to sublicense

the '330 Patent, collect damages and sue for infringement and recover past damages from the Defendants.

3.     Defendant NEC is a Nevada Corporation with a principal place of business at 6535 N State Highway 161, Irving, Texas 75039.  NEC can be served with process of service by and through its registered agent of record, National Registered Agents, Inc., 1021 Main Street, Suite 1150, Houston, TX 77002.

## JURISDICTION AND VENUE

4.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     Venue is proper in this district under 28 U.S.C. §§1391(c) and 1400(b).  On information and belief, NEC has transacted business in this district, and has committed and/or induced acts of patent infringement in this district.

6.     On information and belief, NEC is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

7.     NEC has made, used, offered for sale, imported, sold, or advertised, and continue to make, use, offer to sell, import, sell, or advertise (including providing a web page) in this district and elsewhere in the United States its products and services that infringe one or more claims of the '330 Patent.  More specifically, NEC, directly and/or through intermediaries,

makes, uses, sells, ships, distributes, offers for sale, or advertises its products and services in the United States, the State of Texas and the Eastern District of Texas.  NEC has committed patent infringement directly and/or indirectly in the State of Texas and in the Eastern District of Texas and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas.  NEC solicits customers in the State of Texas and in the Eastern District of Texas.  NEC has many paying customers who are residents of the State of Texas and in the Eastern District of Texas, and who each use respective NEC's products and services in the State of Texas and in the Eastern District of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,233,330

8.  On May 15, 2001, the United States Patent and Trademark Office duly and legally issued the U.S. Patent No. 6,233,330 ("the '330 Patent") to inventors William C. McClure, Gary S. Smock, and Charles E. Copeland (hereinafter "the Inventors").  The Inventors assigned all their rights, title and interest in and to the '330 Patent to Command Communications, Inc. Command Communications, Inc. later assigned the '330 Patent and all rights associated with it to Qixiz, giving Qixiz the right to exclude NEC from making, using, selling, offering to sell or importing in this district and elsewhere in the United States the patented invention(s) of the '330 Patent, and the exclusive right to sublicense the '330 Patent, collect damages and initiate lawsuits against NEC.  The '330 Patent is in full force and effect.  Plaintiff is the owner of the '330 Patent and possesses all rights of recovery under the '330 Patent for this litigation.

9.  Upon information and belief, NEC has infringed and continues to directly infringe, both literally and/or under the doctrine or equivalents, the claims of the '330 Patent in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other

things, making, using, importing, offering for sale, and/or selling one or more telephone call screening device with power and telephone line failure alert, call answering, call routing, and caller ("Accused NEC Products"). By making, using, and/or providing the Accused NEC Products, for example the DSX Phone System, that are covered by one or more claims of the '330 patent, NEC has injured Qixiz and is thus liable to Qixiz for infringement of the '330 Patent pursuant to 35 U.S.C. §271.

10. NEC's activities have been without authority and/or license from Plaintiff.

11. As a result of NEC's unlawful infringement of the '330 Patent, Qixiz has suffered and will continue to suffer damage.  Qixiz is entitled to recover from NEC the damages adequate to compensate for such infringement, which have yet to be determined.

**12.** NEC's acts of infringement have caused and will continue to cause irreparable harm to Qixiz unless and until enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Qixiz prays for a Judgment from this Honorable Court in favor of Qixiz and against NEC as follows:

1. That the '330 Patent is valid and enforceable;

2. That NEC has directly infringed the '330 Patent;

3. An order requiring NEC to pay Qixiz its damages, costs, expenses, and pre-judgment and post-judgment interest for NEC's infringement of the '330 Patent as provided under 35 U.S.C. § 284;

4. An order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Qixiz its reasonable attorneys' fees;

5. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining NEC from further acts of infringement; and

6. Any further relief that this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Qixiz, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: July 13, 2012

By: */s/Andrew W. Spangler*
Andrew W. Spangler
State Bar No. 24041960
SPANGLER & FUSSELL P.C.
208 N. Green Street, Suite 300
Longview, Texas 75601
903-753-9300
Fax: 903-553-0403
Email: spangler@sfipfirm.com

**ATTORNEYS FOR PLAINTIFF
QIXIZ LLC**